IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY    )
  COMMISSION,    )
    )
          Plaintiff,    )    CIVIL ACTION NO.
    )
    )
v.    )
    )    <u>COMPLAINT</u>
    )
MEMPHIS GOODWILL INDUSTRIES, INC.    )    <u>JURY TRIAL DEMAND</u>
    )
          Defendant.    )
    )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, sex, and retaliation and to provide appropriate relief to Nidella Mister who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 a-f and 10 a-h below, the Equal Employment Opportunity Commission alleges that Memphis Goodwill Industries, Inc., terminated Ms. Mister because of her race, African American, sex female, and in retaliation for opposing unlawful discrimination against African American employees.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, <u>et</u> <u>seq</u>. ("Title VII").

2.    The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f).

4.      At all relevant times, Defendant, Memphis Goodwill Industries, Inc. ("Defendant Employer"), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Memphis and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, Nidella Mister filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least August 15, 2007, Defendant Memphis Goodwill Industries, Inc., engaged in unlawful employment practices at its facility in Memphis, Tennessee in violation of §703(a) of Title VII, as amended, 42 U.S.C. §§ 2000e-2(a).

8.      Defendant Employer subjected Nidella Mister to discrimination based on race,

2

sex and retaliation.

a.      Defendant hired Ms. Mister as director of transportation on May 1, 2006.

b.      After Ms. Mister was hired, the vice president of operations was hired.

c.      The Vice President of Operations was uncomfortable with Ms. Mister because of her race.

d.      The Vice President of Operations also did not think a female was appropriate for the job which he described a "physically taxing."

e.      Ms. Mister was terminated on August 15, 2007.

f.      A White male was hired as manager of transportation on August 27, 2007.

9.      The effect of the practices complained of in paragraphs 8 a-f above has been to deprive Nidella Mister of equal employment opportunities and otherwise affect her status as an employee because of her sex and race.

10.     Since at least August 15, 2007, Defendant Employer has engaged in unlawful employment practices at its Memphis, Tennessee location, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

a.      From May 1, 2006, to May 1, 2007, Ms. Mister worked without incident.

b.      On May 1, 2007, Ms. Mister received a good annual evaluation.

c.      In late June of 2007, the Vice President of Operations chastised a group of African American employees by stating, "this is not the ghetto."

d.      Ms. Mister complained to the Vice President of Operations that the use of the racially derogatory comment to the African American employees was discriminatory conduct.

e.      On July 9, 2007, within days of Ms. Mister's complaint about the remarks, she

received her first written reprimand from the Vice President of Operations.

f.      On August 2, 2007, Ms. Mister received her second written reprimand.

g.      On August 15, 2007, after issuing the two write ups, Defendant discharged Ms. Mister allegedly because her job was eliminated.

h.      Defendant hired a White male, as transportation manager, on August 27, 2007.

11.     The effect of the practices complained of in paragraphs 10 a-h has been to deprive Ms. Mister of equal employment opportunities and otherwise adversely affect her status as an employee because of retaliation.

12.      The unlawful employment practices complained of in paragraphs 8 a-f and 10 a-h above were intentional.

13.      The unlawful employment practices complained of in paragraphs 8 a-f and 10 a-e above were done with malice or with reckless indifference to the federally protected rights of Nidella Mister.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices that discriminate based on race and sex and retaliate against persons who oppose employment practices made illegal by Title VII.

B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunity to African Americans and women and which eradicate the effects of its past and present unlawful employment practices.

4

C.      Order Defendant Employer to make whole Nidella Mister by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including reinstatement of Nidella Mister.

D.      Order Defendant Employer to make whole Nidella Mister by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 a-f and 10 a-h above, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Nidella Mister by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 a-f and 10 a-h above, including emotional pain, suffering, inconvenience, and mental anguish, in amounts to be proven at trial.

F.      Order Defendant Employer to pay Nidella Mister punitive damages for its malicious and/or reckless conduct described in paragraphs 8 a-f and 10 a-h above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted


**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel


s/ Faye A. Williams (with permission DS)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730


s/ Deidre Smith
**DEIDRE SMITH**
Supervisory Trial Attorney
Tennessee Bar No. 018499

Equal Employment Opportunity
Commission
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0140